IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RANDY L. WOULLARD,**

    **Plaintiff,**

**vs.**                                                      **CASE NO: 3:20-CV-5421-LC-MAF**

**SERGEANT ERYN CARTER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Randy L. Woullard, an inmate proceeding *pro se*, initiated this civil rights action, pursuant to 42 U.S.C. § 1983, and was granted leave to proceed *in forma pauperis*. ECF Nos. 1, 4. The amended complaint, ECF No. 8, was served upon Defendant Eryn Carter who filed an answer. ECF Nos. 18, 21. This Cause is currently before the Court upon Carter's motion for summary judgment. ECF No. 51. Woullard did not file any dispositive motion and did not file a response to the motion for summary judgment.

After careful review, for the reasons stated below, Carter's "Motion for Summary Judgment," ECF No. 51, should be DENIED and certain claims against Carter should PROCEED.

I.  **Allegations of Woullard's Amended Complaint, ECF No. 8.**

Woullard alleges that, while he was an inmate at Santa Rosa Correctional Institution, he was sexually harassed and then sexually assaulted by Carter, an on-duty sergeant at the time. ECF No. 8. Initially, on June 29, 2018, between 10:00 p.m. and 10:40 p.m., Carter told Woullard, "I'm going to knock you off," which was a threat to harm Woullard or, alternatively, meant he "want[ed] to have sex with [Woullard]." Id., p. 5. The next morning, on June 30, around 6:15 a.m. to 6:25 a.m., Carter came to the front of Woullard's cell and told Woullard to take his clothes off. Id. Woullard did not respond; and Carter walked away. Id.

Some hours later, between 8:10 and 8:20 (whether morning or evening is unclear from the complaint), officers escorted Woullard's cellmate to the shower and left Woullard in an unsecured cell without restraints. Id. Woullard claims Carter saw the breach of security but did not intervene or correct the officers. Id., p. 5-6. Then, between 8:30 p.m. and 8:40 p.m., Carter entered Woullard's cell and said, "Let's have fun." Id., p. 6. Woullard was laying down in the upper bunk when Carter grabbed Woullard's right ankle and bent his right leg up toward his head causing arthritic pain. Id. Woullard alleges Carter then pulled Woullard's shorts and boxers away and penetrated Woullard's rectum with his fingers; Woullard "jerk[ed]" away. Id., p. 6. Carter slapped

Woullard in the face, walked away, and warned no one should find out about the incident as he secured the cell door. Id. Woullard also states, in Section V of the complaint, "Defendant Carter unjustly sexually harassed Plaintiff (2) time[s] prior to entering Plaintiff's cell without [the] presence of another staff, penetrating Plaintiff's rectum." Id., p. 8.

Woullard claims he suffered sharp, temporary rectal pain; shock; chest pain; arthritis pain; post-traumatic stress disorder; depressive disorder; "humiliation and quality of life." Id., p. 7. Woullard claims violations of his rights under the Eighth Amendment; mental and emotional injuries; and seeks to pursue the state tort claims of sexual harassment, sexual battery, and battery. Id., p. 8. As relief, Woullard seeks a "state indictment," which the Court construes as a request for criminal prosecution; $100,000 in compensatory damages; $500,000 in punitive damages; the recovery of court costs including attorney fees; and any other relief the Court deems proper. Id., p. 10.

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper:

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact,

and that the moving party is entitled to judgment as a matter of law.

Accordingly, summary judgment should be entered only against

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for her motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11th Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-moving party to present sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

Case No: 3:20-CV-5421-LC-MAF

It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise show there are material issues of fact which demand a trial. Fed. R. Civ. P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11th Cir. 1987). The trial judge, at the summary judgment stage, does not weigh the evidence but rather determines whether there is a genuine issue for trial: "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin Cty., Ala. v. Purcell Corp., 971 F.2d 1557, 1563 (11th Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, supra).

The Supreme Court has stressed:

> [w]hen the moving party has carried its burden under rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'

Matasushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

**III.   Defendant's Motion for Summary Judgment, ECF No. 51.**

Carter argues he is entitled to summary judgment because "Plaintiff's claim stands discredited." ECF No. 51, p. 8. In support, Carter provides the incident report by Lieutenant Shawn Norris dated July 1, 2018 (ECF No. 51-3); Plaintiff's "Alleged Sexual Battery Protocol" form, a health record, dated July 1, 2018 (ECF No. 51-5); the MINS Incident Report dated July 2, 2018 (ECF No. 51-4); and Inspector Gustafson's 2019 OIG "Investigative Activity

Report." (ECF No. 51-2). [1] Carter also provides a sworn declaration denying Plaintiff's allegations. ECF No. 51-1.

Carter believes summary judgment is warranted because Plaintiff's allegation in his complaint is contradicted by some records. See ECF No. 51 generally. Carter emphasizes that Plaintiff alleged in his complaint that penetration occurred with "multiple fingers," which is contradictory to Woullard's sworn statement to Inspector Gustafson alleging that Carter used a "gloved finger" to sexually assault him. ECF No. 51, pp. 8-9. Carter admits that other exhibits document that allege Carter used multiple fingers during the assault; however, because those are statements are not sworn, Carter suggests they are less credible. Id. According to Carter, these discrepancies are enough to disregard Plaintiff's allegations as presented in the complaint and to grant summary judgment in Carter's favor. Carter relies on Sconiers v. Lockhart, 946 F.3d 1256 (11th Cir. 2020).

As stated previously, Woullard did not file a response to Carter's motion for summary judgment. Nonetheless, Woullard's failure to respond to a motion for summary judgment does not inevitably result in summary

---

[1] There is no apparent date on the OIG report; and the report is unsigned. The Court refers to the document as the 2019 Report because the report makes clear that Inspector Gustafson conducted a medical records review and a review of the Roster Management System on July 29, 2019, and notified Woullard of the OIG findings on August 13, 2019. ECF No. 51-2, p. 2. Sergeant Carter resigned from the Florida Department of Corrections on July 13, 2019. Id.

Case No: 3:20-CV-5421-LC-MAF

judgment by default. See Trustees of Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers v. Wolf Crane Serv., Inc., 374 F.3d 1035, 1039-40 (11th Cir. 2004) ("summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment"). Instead, the court "must consider the merits of the motion" under the usual summary judgment standard articulated in Fed. R. Civ. P. 56. Id. at 1039 (citing United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004)).

## IV.     Discussion

Having fully considered Carter's arguments, the Court is mindful that at the summary judgment stage, it is not tasked with fact finding; that is a matter reserved for a trial. See Sconiers, 946 F.3d at 1263. The Court is required to accept as fact all of Plaintiff's allegations if they are sufficiently supported by evidence on the record and is not at liberty to weigh the evidence. See Anderson, 477 U.S. at 521. A court cannot grant summary judgment if "the only issue is one of credibility," because the issue is factual. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742-43 (11th Cir. 1996). The Court is required to "view all evidence and make all reasonable inferences in favor of" the non-moving party." Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1315 (11th Cir. 2007) (citations and quotation

marks omitted). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Id. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." See Anderson, 477 U.S. at 255.

  A. Woullard's Eighth Amendment Claims Should Proceed.

The Eighth Amendment explicitly prohibits the imposition of cruel and unusual punishment. It is well-settled that prison officials violate the Eighth Amendment through "the unnecessary and wanton infliction of pain." Farmer v. Brennan, 511 U.S. 825, 835 (1994). The Eleventh Circuit recognizes that "severe or repetitive sexual abuse" by prison officials can violate the Eighth Amendment. Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). More specifically, "[a] guard who sadistically and maliciously forces his finger into an inmate's anus . . . plainly commits 'severe . . . sexual abuse of a prisoner' and violates the Eighth Amendment." Sconiers, 946 F.3d at 1266 (citing Boxer X, 437 F.3d at 1111).

Ordinarily, "verbal taunts . . . however distressing" do not violate the Eighth Amendment. Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir.

Case No: 3:20-CV-5421-LC-MAF

1989). Nonetheless, the Eleventh Circuit recently acknowledged in an unpublished opinion:

> some other circuits have at least held out the possibility that verbal threats, under certain circumstances, may be sufficient to state a constitutional claim. See Chandler v. D.C. Dep't of Corr., 145 F.3d 1355, 1360-61 (D.C. Cir. 1998) ("Although a verbal threat standing alone is generally inadequate to state a constitutional claim, such a threat could violate the Eighth Amendment if the resulting harm were sufficiently severe."); cf. Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (stating that "sexual harassment or abuse of an inmate by a corrections officer . . . may well result in severe physical and psychological harm," which may "constitute the unnecessary and wanton infliction of pain forbidden by the Eighth Amendment" (citations and quotation marks omitted)).

In re Watkins Litig., 829 F. App'x 428, 431 (11th Cir. 2020). Woullard alleged that Carter verbally taunted him at least twice prior to committing the sexual assault. ECF No. 1. The Court reviewed Carter's exhibits, particularly the various prison reports documenting the incident, which are described below in apparent chronological order.

Two reports are dated July 1, 2018. First, Nurse Bray completed an "Alleged Sexual Battery Protocol" form documenting the assault and Woullard's "rectum pain." ECF No. 51-5, p. 1. The report indicates Woullard alleged that a "staff" member sexually assaulted him when the "officer stuck [his] finger up [Woullard's] rectum." Id. Second, Lieutenant Norris completed an incident report documenting the assault. ECF No. 51-3. Norris' report

purports that Woullard submitted a written statement to Norris alleging that Carter "sexually assaulted him by placing [multiple] fingers in his rectum." Id., p. 1. According to the report, Norris interviewed Woullard who described the incident as "physical and involv[ing] penetration." Id. Norris' report also references Nurse Bray's examination but only that Nurse Bray noted there were no injuries. Id. One issue is concerning about Norris' report. It states that Woullard's "DC6-112c statement is attached"; however, that statement is apparently missing from the exhibit as submitted by Carter. ECF No. 51-3, p. 1.

On July 2, 2018, Amy Paulk prepared a MINS Incident Report. ECF No. 51-4. The report states that Norris reported he received a witness statement from Woullard alleging that "Carter had sexually assaulted him by placing fingers in his rectum" and that Woullard was interviewed and stated "this incident was physical and involved penetration." Id.

In 2019, Inspector Gustafson issued an OIG "Investigative Activity Report." ECF No. 51-2, p. 1. The OIG report reflects inconsistencies. For example, Norris "indicated" to OIG that "Carter penetrated [Woullard's] anus with his (Sergeant Carter's) finger." Id., p. 1. It is unknown why Norris would report to the OIG a distinct set of facts from those listed in his own report, specifically, whether Carter used one or multiple fingers to assault Woullard.

Gustafson's report includes an interview with Woullard accusing Carter of "insert[ing] a finger" and then "a gloved finger" during the sexual assault. Id., pp. 1-2. The OIG report also indicates that the complaint review was upgraded to a criminal investigation on August 13, 2019, the same day Woullard was notified of the findings resulting from the OIG investigation. Id. However, at this stage, no exhibits from the criminal investigation have been provided to the Court to consider. Id.

Although Gustafson's and Nurse Bray's reports suggest that Carter used one finger during the alleged assault, the Norris' incident report (ECF No. 51-3) and the MINS Incident Report (ECF No. 51-4) are identical to Woullard's operative complaint. Plaintiff's initial written statement to Norris, which was supposedly attached Norris' report, is missing. In his sworn declaration, Carter outright denies that the assault occurred. ECF No. 51-1. Still, Carter maintains that the variations in the reports of whether one or more fingers were used to assault Woullard is sufficient to support the motion for summary judgment. Not so. At this stage, the Court cannot pick and choose between these official reports because it is tantamount to making a factual- and credibility determination, which should be reserved for trial.

Carter's motion for summary judgment should be denied because he fails to demonstrate the nonexistence of any genuine issue of material fact.

If Woullard can prove to a reasonable jury's satisfaction that Carter sadistically and maliciously digitally penetrated Woullard's anus, whether with one or multiple fingers, then Carter's actions violate the Eighth Amendment because this act constitutes severe sexual abuse of a prisoner. It is for the fact finder to determine the weight which should be given to any, all, or none of the official reports and other evidence. Plaintiff's allegations of sexual harassment and sexual abuse are sufficiently supported by evidence on the record. Because there are genuine issues of material fact, the motion for summary judgment should be DENIED.

 B. <u>Woullard's Claim for Mental and Emotional Damages Should Proceed</u>.

 Carter argues that Woullard has failed to show a physical injury that is more than *de minimis*; therefore, his damage recovery should be limited to nominal damages. ECF No. 51, pp. 11-12. This is incorrect. In <u>Sconiers</u>, 946 F.3d at 1259, the Eleventh Circuit emphasized that physical injuries are not required when a plaintiff is seeking damages resulting from a sexual act:

> Sexual abuse 'has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society.' <u>Graham v. Sheriff of Logan Cty</u>., 741 F.3d 1118, 1122-23 (10th Cir. 2013) (citation and quotation marks omitted). Nor does it comport with contemporary standards of decency. Congress itself implicitly recognized as much in 2013, when it amended the Prison Litigation Reform Act ('PLRA') to allow prisoners to recover damages 'for mental or emotional injury suffered while in custody[,] without a prior showing of physical

injury,' when the prisoner can demonstrate 'the commission of a sexual act' as the basis for the damages he seeks. See 42 U.S.C. § 1997e(e) (2013).

Accordingly, Woullard's claims for mental and emotional damages, in addition to compensatory damages, should PROCEED against Carter.

C. <u>The State Tort Claims Should Proceed</u>.

The Eleventh Circuit outlined the state tort claims of assault and battery as occurring within the context of a Section 1983 action:

> In Florida, an assault is 'an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril.' <u>Sullivan v. Atl. Fed. Sav. & Loan Ass'n</u>, 454 So. 2d 52, 54 (Fla. 4th DCA 1984). A battery is 'the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent.' <u>Quilling v. Price</u>, 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005). To determine whether an officer's actions are an assault and battery, courts inquire whether the officer's use of force was reasonable. <u>City of Miami v. Sanders</u>, 672 So. 2d 46, 47 (Fla. 3d DCA 1996) (applying the reasonableness standard to battery); <u>City of Fort Pierce v. Cooper</u>, 190 So. 2d 12, 14 (Fla. 4th DCA 1966) (applying the reasonableness standard to assault).

<u>Pena v. Marcus</u>, 715 F. App'x 981, 988 (11th Cir. 2017). Only where a plaintiff's allegations are sufficient to state a claim under § 1983 for excessive force are they are also sufficient to state the parallel claim of battery under Florida law. <u>Detris v. Coats</u>, 523 F. App'x 612 (11th Cir. 2013) (citing <u>City of Miami v. Sanders</u>, 672 So. 2d at 47 (holding in analogous context that "[i]f

Case No: 3:20-CV-5421-LC-MAF

excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery")).

Similarly, sexual assault amounts to tortious conduct in Florida. Malicki v. Doe, 814 So. 2d 347 (Fla. 1st DCA 1997). "Florida law equates sexual battery with an intentional tort." Doe v. Celebrity Cruises, Inc., 394 F.3d 891 (11th Cir. 2004) (citations omitted). As narrated above, Carter's actions, as alleged by Woullard are unreasonable and sufficiently present an Eighth Amendment claim under § 1983. Therefore, it follows that Woullard's state claims of sexual assault and battery against Carter should PROCEED.

D. The Request for Criminal Prosecution Should Be Dismissed.

Woullard seeks a criminal prosecution against Carter for the alleged sexual assault. Nonetheless, the Florida statutes which criminalize the alleged acts are designed for the protection of the public; and no language indicates the statutes create a private right of action. Woullard's reliance on Florida's criminal statutes to create a private right of action is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Love v. Delta Air Lines, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action"). More importantly, the decision to prosecute generally rests

entirely in the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). For these reasons, Woullard's request for criminal prosecution should be DISMISSED for lack of standing.

## V.  Conclusion and Recommendation

For the reasons stated above, it is respectfully RECOMMENDED that:

1. The claims against Defendant Carter for sexual harassment and severe sexual abuse in violation of the Eighth Amendment PROCEED;

2. The claim for mental and emotional damages PROCEED;

3. The state tort claims for sexual assault and battery PROCEED;

4. The request for criminal prosecution be DISMISSED for lack of standing.

5. The case be remanded to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on June 10, 2021.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being

Case No: 3:20-CV-5421-LC-MAF

served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).