IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RANDY L. WOULLARD,**

    **Plaintiff,**

**vs.**                                     **CASE NO: 3:20-CV-5421-MCR-MAF**

**SERGEANT ERYN CARTER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Randy L. Woullard, an inmate proceeding *pro se* and *in forma pauperis*, initiated this civil rights action, pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 4. Woullard's first amended complaint is the operative complaint. ECF No. 8. This matter comes before the Court upon Woullard's motion for summary judgment. ECF No. 93.

For the reasons stated below, Woullard's Motion for Summary Judgment should be denied as moot; and his request for a missing evidence instruction should be denied without prejudice.

**I.**   **Procedural History**

A brief discussion of the procedural history is warranted. Dispositive motions were due by April 7, 2021. ECF No. 36. Defendant Carter filed a

motion for summary judgment, which the Court denied. ECF No. 51, 63, 66. The Court determined there are genuine issues of material fact for the case to proceed to trial. ECF Nos. 63, 66. The Court set a supplemental discovery period, which ended November 14, 2021. ECF No. 72. Woullard filed this untimely motion for summary judgment on November 5, 2021. ECF No. 90. Carter filed a response in opposition that the matter of whether there are genuine issues of material fact was previously resolved by the Court. ECF No. 93.

## II.   Allegations of Woullard's Amended Complaint, ECF No. 8.

Woullard's allegations were clearly articulated in the Court's adopted report denying Carter's motion for summary judgment and directing the case to proceed to trial; therefore, they are not repeated in detail here. ECF No. 63. Succinctly, Woullard, an inmate in a state prison, alleged that Carter, a correctional officer, sexually harassed and then sexually assaulted him in his cell. See ECF No. 8, generally. Woullard claims violations of his rights under the Eighth Amendment; mental and emotional injuries; and seeks to pursue the state tort claims of sexual harassment, sexual battery, and battery. Id., p. 8. As relief, Woullard seeks $100,000 in compensatory damages; $500,000 in punitive damages; the recovery of court costs including attorney fees; and any other relief the Court deems proper. Id., p. 10.

### III.    Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper:

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

Accordingly, summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for her motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11th Cir. 1990). If the party seeking summary judgment meets the

initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-moving party to present sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise show there are material issues of fact which demand a trial. Fed. R. Civ. P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11th Cir. 1987). The trial judge, at the summary judgment stage, does not weigh the evidence but rather determines whether there is a genuine issue for trial: "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin Cty., Ala. v. Purcell Corp., 971 F.2d 1557, 1563 (11th Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."

Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, supra).

The Supreme Court has stressed:

> [w]hen the moving party has carried its burden under rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'

Matasushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

**IV.  Plaintiff's Motion for Summary Judgment, ECF No. 90.**

Woullard repeats his allegations of sexual harassment, threats, and abuse by Carter. ECF No. 90, p. 1-2. Woullard claims that Carter violated prison rules and regulations by entering his cell, and, as a housing supervisor, failed to ensure that video surveillance was operational. Id., p. 3.

Woullard filed a grievance relaying the sexual abuse and assault; therefore, evidence should have been preserved by the inspector general's office in accordance with prison procedures. Id., pp. 4-5. Because there was no evidence or video footage, the inspector general stated the "investigation is unable to prove or disprove the allegation." Id., pp. 5, 11. Woullard claims that the video is "missing." Id., p. 11. Overall, Woullard emphasizes that Carter was in violation of the FDOC rules and Florida Statutes in entering his cell, by failing to ensure that video equipment was functioning, and in the preservation of evidence. See ECF No. 90, generally.

For the first time Woullard raises new allegations against Lieutenant Norris for misrepresenting Woullard's PREA complaint. Id., p. 12. Norris reported Woullard's allegations but not the sexual harassment. Id. Woullard claims this is evidence of deliberate indifference in facilitating an investigation and the suppression of vital evidence. Id., p. 13. Woullard also claims that Nurse Bray's assessment in his medical record is misleading because it says that Woullard showered after the incident when he did not. Id., p. 14. Woullard claims he told Inspector Gustafson he wanted a forensic examination; but Dr. Sheffield advised no evidence would be obtainable because Carter used a gloved hand to assault him. Id. According to Woullard, if the Office of Inspector General (OIG) and the SART team

conducted a proper investigation, evidence would have been preserved proving Woullard was a victim of sexual battery by Carter. Id., p. 15. Woullard alleges that OIG knowingly sabotaged vital evidence; therefore, a "missing evidence instruction" is necessary. Id., p. 16.

## V. Defendant's Response in Opposition, ECF No. 93.

Carter argues that the Court previously denied Defendant's motion for summary judgment. ECF No. 93, p. 1. The matter of whether there are genuine issues of material fact was resolved. Id., p. 2. For this reason, Plaintiff's motion for summary judgment should be denied. Id.

## VI. Discussion

Having fully considered Woullard's arguments, the Court is mindful that at the summary judgment stage, it is not tasked with fact finding; that is a matter reserved for a trial. See Sconiers, 946 F.3d at 1263. The Court is required to accept as fact all of Woullard's allegations if they are sufficiently supported by evidence on the record and is not at liberty to weigh the evidence. See Anderson, 477 U.S. at 521. A court cannot grant summary judgment if "the only issue is one of credibility," because the issue is factual. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742-43 (11th Cir. 1996). The Court is required to "view all evidence and make all reasonable inferences in favor of" the non-moving party." Allen v. Bd. of Pub. Educ. for

Bibb Cty., 495 F.3d 1306, 1315 (11th Cir. 2007) (citations and quotation marks omitted). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Id. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." See Anderson, 477 U.S. at 255.

The Court already ruled in Woullard's favor when it denied Carter's motion for summary judgment. See ECF Nos. 63, 66. The Court determined that there were genuine issues of material fact which warranted a trial. Id. In short, Woullard's Eighth Amendment claims, state tort claims, and mental and emotional damage claims are proceeding against Carter. Id. To that end, Woullard's request for summary judgment is moot.

The Court addressed many of the issues Woullard raises in his motion for summary judgment by outlining Nurse Bray's report and Lieutenant Norris' incident report; so, it is not necessary to repeat those findings. See ECF No. 63. In short, the Court found Norris' report was "concerning" because Woullard's statement was missing; and "the OIG report reflects inconsistencies." Id. Moreover, "although Gustafson's and Nurse Bray's

reports suggest that Carter used one finger during the alleged assault, the Norris' incident report (ECF No. 51-3) and the MINS Incident Report (ECF No. 51-4) are identical to Woullard's operative complaint." The credibility of the evidence presented and the failure to produce any videos, which should have been available through the prison's surveillance systems adds to the genuineness of the factual dispute between the parties in this case. For this reason, the Court cannot pick and choose between these official reports because it is tantamount to making a factual- and credibility determination, which should be reserved for trial.

If Woullard can prove to a reasonable jury's satisfaction that Carter sadistically and maliciously sexually assaulted Woullard, then Carter's actions violate the Eighth Amendment because this act constitutes severe sexual abuse of a prisoner. It is for the fact finder to determine the weight which should be given to any, all, or none of the official reports and other evidence. Woullard's allegations of sexual harassment and sexual abuse are sufficiently supported by evidence on the record. Because there are genuine issues of material fact, this case has survived summary judgment. However, the matter of whether a "missing evidence" instruction might, under the circumstances, is best decided as a separate motion at beginning of trial and should not be decided at the summary judgment stage. See Matthews v. City

<u>of Toldeo</u>, Case No. 3:15cv00665, 2016 U.S. Dist. LEXIS 179842, 2016 WL 7474400 (N.D. Ohio, Dec. 29, 2016) (order denying defendant's motion summary judgment on Eighth- and Fourth Amendment claims and leaving the matter of failure to produce any dashcam videos "for later consideration whether a 'missing evidence' instruction might, under the circumstances, be appropriate.").

To the extent Plaintiff is attempting to add additional defendants or to raise constitutional claims against Lieutenant Norris, Nurse Bray, or Inspector Gustafson for deliberate indifference, he is foreclosed from doing so in a motion for summary judgment. Specific claims and supporting facts must be made in the civil rights complaint. <u>See</u> N.D. Fla. Loc. R. 5.7(B). Similarly, a complaint may be amended only by filing a complete copy of the amended pleading along with a motion for leave to amend. <u>See</u> N.D. Fla. Loc. R. 15.1. Plaintiff is advised however, that this case is set to proceed to trial against Defendant Carter. Previously, Norris, Bray, and Gustafson were named in the case but have since been terminated. Plaintiff had sufficient time to properly amend his complaint and may not do so at this late stage.

## VII.  Conclusion and Recommendation

For the reasons stated above, it is respectfully RECOMMENDED that:

  1. Plaintiff's Motion for Summary Judgment should be DENIED as MOOT.

Case No: 3:20-CV-5421-MCR-MAF

2. The request for a missing evidence instruction be DENIED without prejudice;

3. The case be remanded to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on December 17, 2021.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).